## TOM JACKSON V. THE STATE.

No. 22278. Delivered November 11, 1942.

The opinion states the case.

*Mrs. Ned Elnor Moore*, of Temple, for appellant.

*Spurgeon E. Bell*, State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for attempted burglary, punishment assessed at two years in the penitentiary.

A number of bills of exception are found in the record. We waive discussion of any of them save those challenging the sufficiency of the evidence.

The indictment charged that appellant unlawfully attempted to break and enter the house of H. H. Stevenson with intent

to commit the crime of theft, it being particularly averred that the manner of the attempt was that appellant did "reach with his arm through a broken pane in the window of said house in an attempt to unlock and raise said window * * * with the intent then and there to so enter." In submitting the case to the jury the court required them to find that the attempt to enter the house was made specifically as charged. The contention is made that the evidence falls short of supporting the jury's finding in the particulars mentioned.

The evidence shows that a lady at night saw some one prowling in her back yard which abutted on the Stevenson building. By telephone she notified officers. They came immediately and saw appellant standing on the ledge of a window in the Stevenson house. He jumped from the window ledge and tried to escape but was taken into custody by the officers. There was a broken pane in the window at which appellant was standing, which had been patched with a piece of pasteboard. One of the officers testified that the window ledge was so narrow he thought appellant could not have stood there without holding on to something, and that he could have held to the sash where the pane was broken out. An investigation of the window, the lock on it and the pasteboard covering showed them covered with dust and apparently no disturbance of them for a long time. It was not shown that the pasteboard was in any way displaced as by an arm having been thrust through the opening.

Appellant was certainly apprehended in a most embarrassing and suspicious position. He may have intended to enter the house for the purpose of stealing, and he may have intended in some way to effect an entrance through the window. However, the State failed to show that he had carried out said intent by reaching his arm through the break in the window pane in an endeavor to unlock and raise the window. In this respect the State has failed to make out its case as alleged. It may be fortunate for appellant that the vigilance of the officers brought them to the scene in time to save him from effecting his designs.

The judgment is reversed and the cause remanded.