**Alfred Eugene STONE, Appellant,**

v.

**The STATE of Texas, Appellee.**
**No. 38684.**

Court of Criminal Appeals of Texas.

Dec. 15, 1965.

Gerald T. Bissett, Victoria, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for the offense of attempt to commit burglary with the punishment assessed at two years.

The appellant challenges the sufficiency of the evidence to support the conviction.

J. S. Shafer was the manager of a store located on the southeast corner of the intersection of Broadway and Front Streets, with a 75 foot width along the east side of Broadway which runs north and south, and 90 feet along the south side of Front Street. The main entrance was on Broadway with a rear door a few feet south of its northeast corner. The north side of the building is situated about one foot from the sidewalk. The rear door was a standard wooden door with a glass top. This door was used in opening the store each morning, and which the manager used about 7 A.M., November 19. Shafer further testified that on opening the door he noticed two freshly made marks on the door below the lock, and he also testified, when asked if any instruments were found near the door, as follows:

"Q  Now then, did you make any report of this at that time, or that day? Without stating any conversation that you had, did you have any conversation that day with any officer or anyone with the law enforcement pertaining to that door, the 19th day of November, the day you found this?

"A  I, personally, did not.

*     *     *     *     *     *

"A  Well, I couldn't state it a moment ago, about the tire tool, the print is indelible on the door, of the top of the tool at the bottom of the—"

No consent was given to break or to attempt to break and enter the building which contained a large quantity of merchandise. Three 150 watt regular bulbs lighted the area across the rear of the building. A parking lot about 30 feet wide adjoins the rear of the building.

Officer Elrod testified that shortly after midnight while he and officer Longino

were on patrol in an automobile going west about 60 to 70 feet east of the store on Front Street, he first saw the appellant as he was walking away from the northeast corner with his back to the parking lot and going in a northwesterly direction; that appellant started across the street and turned back to the sidewalk, and then he went west to Broadway where he turned south and as he walked along Broadway the officers stopped him south of the front door of the store. The appellant told them his name was Alfred Stone, but he had no means of identification with him. He also told them he was a minister, that he had been in Tyler two days and was unemployed, and he was on his way home. Elrod testified that appellant had the odor of alcohol about him and he arrested him for vagrancy, but he never filed any charge against him. In searching the appellant, they found in his pockets a screwdriver, a piece of stocking and a pair of cloth gloves. On returning to the store about forty minutes after appellant's arrest, the officers found one set of marks, that is, a fresh mark on the door facing and a slight mark on the door. The officers placed the screwdriver found on the appellant in the mark on the door facing and it fit perfectly.

The testimony of officer Longino corroborates that of officer Elrod except, Longino testified that when he first saw the appellant from a block away he looked as if he was standing straight up and facing the rear door and then he turned and began walking; and that he never saw anything in his hands.

The appellant did not testify or offer any evidence in his behalf.

There was no flight by the appellant at any time, nothing was ever seen in his hands or that he placed anything in his pockets. The area was well lighted and he was not seen doing anything except walking until the officers stopped him, and he gave them the same name as it appears in this case. There is no evidence that the screwdriver made any marks different from an ordinary one of its size and kind. The manager of the store testified that there was an indelible print of a tire tool on the door. Both officers testified that the marks on the door were above the lock while the manager of the store testified that they were below the lock.

 In testing the evidence by the requirements that in order to warrant a conviction on circumstantial evidence, there must be proof, to a degree of certainty greater than a mere probability or strong suspicion, tending to establish that the party charged was the person who committed the offense, and excludes every other reasonable hypothesis except that of the guilt of the accused, it is concluded that from all the facts and circumstances of this case, that the evidence is not sufficient to warrant the conclusion that the appellant and no other committed the offense here charged. 4 Branch (2) 889, Sec. 2556.

Because of the insufficiency of the evidence, the judgment is reversed and the cause is remanded.

Opinion approved by the Court.