**Arrie Edmund HUGHES, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 41529.

Court of Criminal Appeals of Texas.

Oct. 23, 1968.

Rehearing Denied Nov. 27, 1968.

Emmett Colvin, Jr., Dallas, on appeal, for appellant.

Scott Bradley, David Johnson, Camille Elliott, Malcolm Dade, and Kerry P. Fitz-Gerald, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is burglary; the punishment, twelve years.

The injured party testified that he did not retire on the night in question until 2:30 a. m. and that he slept until 10:30 a. m. and upon awakening determined that his ring, watch and wallet containing several papers and approximately $140.00 in cash had been taken from the room where he slept. A neighbor testified that she saw appellant leaving the injured party's house at about 10:15 a. m. on the same morning. Police officers recounted "lifting" a fingerprint from the front door knob of the injured party's house and testified that it matched the appellant's fingerprints. The injured party also testified that after the articles were missed, he talked with appellant on two occasions during chance encounters and that both times appellant offered to return the watch and the ring, which he later did through an intermediary, and on one occasion offered to make restitution of the money and papers contained in the wallet if charges against him were dropped.

We overrule appellant's first ground of error which is that the evidence is insufficient to support the conviction.

Appellant next contends that error was committed when the prosecutor asked

appellant's witness on cross-examination "Isn't he (appellant) a front man for Tony Davis?". Objection was made to the question, which objection was by the court sustained. No further action was requested by appellant. Appellant's second ground of error is overruled. Lawhon v. State, Tex. Cr.App., 429 S.W.2d 147.

 As his third and fourth grounds of error, appellant complains of the prosecutor's closing argument to the jury. Only one objection was made to such argument, and it was sustained. No further action was requested by appellant and therefore no error is presented. Smith v. State, Tex. Cr.App., 418 S.W.2d 683. Any other argument which appellant now deems to be error cannot be considered by this Court as there was no timely objection made at the time of such argument. Piraino v. State, Tex.Cr.App., 415 S.W.2d 416.

Finding no reversible error, the judgment of the trial court is affirmed.