**Clement D. GREEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41790.**

Court of Criminal Appeals of Texas.

Jan. 8, 1969.

**514**

Celia Nathan, & David Berg by David Berg, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Ray Montgomery, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is burglary to commit theft with a prior conviction alleged for enhancement; the punishment, assessed by the court, 12 years.

Appellant's first ground of error challenges the sufficiency of the evidence.

Phillip Baxley, an employee of M & S Protection Agency at the time of the events in question, testified that in response to an alarm at Leff's Super Market he went to the scene, entered the warehouse portion of the supermarket, found appellant lying on the floor, conducted a search of appellant which revealed a bent screwdriver, and conducted a search of the building which revealed an open overhead door which, when closed, cut off the alarm that had drawn the attention of M & S to the supermarket. He further stated that he held appellant in custody until the Houston police arrived and took him in charge.

S. T. Leff, a partner in the supermarket, testified that he received a call from M & S on the night in question, went directly to his store, observed Baxley enter the warehouse of the supermarket and saw him bring a man (who he couldn't identify as appellant) to the front of the store, and that he and Baxley watched such man until the police arrived.

Officer Majors of the Houston police department testified that he answered a radio dispatch ordering him to go to the Leff's Super Market; that upon arriving there he observed appellant in the custody of Baxley; and that he took appellant into his custody and searched him, finding numerous boxes of "penny" matches. The officer recounted his search of the warehouse which revealed numerous ashes on the floor and a meat cleaver and a meat hook lying on an apron in front of a bathroom door which had been pried open with the use of the meat cleaver. Numerous burned matches were found in the same vicinity.

The appellant did not take the stand or offer any evidence.

■ Appellant was found at midnight. The presumption is that entry was made for the purpose to steal. Sikes v. State, 166 Tex.Cr.R. 257, 312 S.W.2d 524.

■ We find the evidence amply sufficient to sustain the conviction.

Appellant's second ground of error is that the 12 year sentence which was imposed is harsh, cruel and unusual punishment.

■ Art. 62, Vernon's Ann.P.C., provides for the imposition of the highest punishment which is affixed to the offense for which the defendant is on trial where it is shown that such defendant has previously been convicted of the same offense, or one of the same nature. The court did not err in assessing the punishment fixed by law. See Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606; and the cases collated at 13A Tex.Dig. Crim. Law 1213.

Finding the evidence sufficient to sustain the conviction and no reversible error, the judgment of the trial court is affirmed.

DOUGLAS, J., not participating.