**Otls Leon POWELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 44579.

Court of Criminal Appeals of Texas.

Feb. 16, 1972.

Neal Wheeler, Dallas (Court appointed), for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction was for burglary with the intent to commit theft. Two prior convictions for burglary were alleged to enhance the punishment under the provisions of Article 63, Vernon's Ann.P.C.; the punishment, life imprisonment.

The sufficiency of the evidence is challenged.

When two city of Dallas police officers arrived at the scene of the burglary at approximately 11:00 p. m., they found a window broken on the side of the building housing a motor company. The officers entered the building; inside they found several offices constructed of wood waisthigh, with glass above the wood reaching to the ceiling. Several of the glass panels had been broken and there was broken glass on the floor. After a search, the officers found the appellant in one of the offices, crouched under the cashier's desk, holding a tow chain in his hand. The cash drawer had been pried open. There was a

screwdriver on the floor and the appellant had a putty knife in his pocket.

■ Under a number of decisions of this court, the act of breaking and entering a house in the nighttime raises a presumption that it was done with the intent to steal. Sikes v. State, 166 Tex.Cr.R. 257, 312 S.W.2d 524 (Tex.Cr.App.1958); Roberts v. State 375 S.W.2d 303 (Tex.Cr.App. 1964); Bonner v. State, 375 S.W.2d 723 (Tex.Cr.App.1964); Briones v. State, 363 S.W.2d 466 (Tex.Cr.App.1963).

The complaining witness testified that he did not give consent or authority for the appellant to enter the building.

The appellant testified that he did not burglarize the building. He said he was arrested about two blocks from the building, then taken to the building by the officers and thereafter charged with the offense of burglary. The appellant admitted the two prior convictions as alleged as well as another burglary conviction. The State proved the prior alleged convictions by use of a prison packet containing the fingerprints and photograph of the appellant and the judgment and sentence of each prior conviction alleged.

A jury heard the testimony and resolved the fact issues against the appellant. The evidence is amply sufficient to support the verdict.

■ The appellant's second ground of error complains "The prosecutor refer(ed) to appellant as an 'idiot' and infer(ed) he was a liar, by misquoting the record during closing argument." Only a general objection was made. The prosecutor apologized for his argument. The appellant did not request a ruling by the court and no ruling was made by the court. The appellant did not move the court to instruct the jury not to consider the argument and no further relief was requested by appellant. No error is shown. Thurmond v. State, 445 S.W.2d 525 (Tex.Cr.App.1969); Hughes v. State, 433 S.W.2d 698 (Tex.Cr.App.1968).

The judgment is affirmed.

Opinion approved by the Court.