**Maxie William SMITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44650.**

Court of Criminal Appeals of Texas.

March 8, 1972.

E. Neil Lane, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and William W. Burge, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal is from a conviction for attempted burglary where the punishment was assessed by the jury at two years.

The appellant represented by retained counsel is free on bond pending appeal.

His sole contention on appeal is that the evidence is insufficient to sustain his conviction.

Willie T. Turner testified that he lived in an eight-room house at 2615 Stevens in Houston, Harris County, Texas, and that on April 24, 1969 he did not go to work and at 8:30 a. m. was in his backyard feeding his chickens. About this time he heard a pounding at the front door of the house but delayed answering it believing that it was neighborhood children playing. When he finally went to the door and looked through a glass portion of the door he saw the appellant prying on the night latch on the door with a jack handle. Turner then got his shotgun and as he returned, the appellant pried the door open. The appellant with the jack handle in his hand started towards Turner who shot the appellant in the leg. Turner revealed that there was another man with the appellant but he ran before the shot was fired. The appellant lay in a nearby yard until the police arrived.

Turner related that his house contained a television, radio and many other items of personal property; that he did not know the appellant and did not give him consent to attempt to break and enter his house.

At the guilt stage of the trial, the appellant called as his sole witness the officer who had arrested him.

The evidence was clearly sufficient to support the jury's verdict at the guilt stage of the trial. Hanes v. State, 170 Tex.Cr.R. 394, 341 S.W.2d 428 (1960).

At the penalty stage of the trial, the appellant took the witness stand and denied he was guilty as found by the jury. He claimed he had gone to see Turner to pay him money that was owed, that they got into an argument and that Turner shot him. Such testimony was elicited without objection. He acknowledged that he had been convicted of "sale and possession of marijuana" in 1963 and of misdemeanor theft in 1970.

The judgment is affirmed.