**Randolph Wayne JOHNSTON, Sr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44687.**

Court of Criminal Appeals of Texas.

March 22, 1972.

David F. Farris, Fort Worth (Court appointed on appeal), for appellant.

Frank Coffey, Dist. Atty., John Garret Hill, Asst. Dist. Atty., Fort Worth and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of attempted burglary; punishment was assessed by the jury at four years.

Appellant challenges the sufficiency of the evidence to prove his identity and to show ownership of the building "alleged by the state."

Wyman Priddy, who was employed by a burglary alarm company on December 29, 1968, testified that at approximately 1:44 A.M. on that date, pursuant to an alarm, he went to the Ridglea Country Club in Fort Worth. Upon arrival at the Club, he saw three people walking along the top of the roof of the building. Priddy drew his gun and flashed his light toward the persons on the roof and ordered them to halt. The persons ducked down out of his sight and he could hear the sound of them running across the roof. Priddy stated that he ran around the building and on one side found appellant lying in some bushes breathing hard and unable to get to his feet because of some apparent leg injury.

Raymond Gafford testified that he was the manager of the pro shop area of the building. The building inside was divided between the pro shop and the men's grill. He further stated that he had exclusive control of the golf course club house and all of the equipment inside. He gave no one permission to climb on top of the building and cut a hole in the roof.

A. E. Brewton, a Fort Worth police officer, testified that he went to the Ridglea Country Club on the date in question and arrested appellant who told him that his ankle was hurt. Officer Brewton further testified that an inspection of the roof of the building disclosed that three holes had been "chopped through" the roof over the men's grill area of the club house.

Barbara Allen testified that on the date in question she and the appellant were to-

gether and they had been driving around in her car. She stated that at approximately 1:00 A.M. on that date the appellant attempted to get out of the car while it was moving "and he grabbed hold of the handle to jump out, and when he did, I started the car up real fast. I was still rolling, and I made a u-turn and came back home." She was asked if appellant fell out of the car and she replied: "Yes, well he got slung out of it." The jury chose to disregard this testimony which was apparently offered to show how the appellant hurt his ankle.

 The court charged the jury that if they had a reasonable doubt that Raymond Gafford had the actual care, control, and management of the property in question they would acquit the appellant. The jury was also charged upon the law of circumstantial evidence. We conclude that the evidence is sufficient to support the jury's verdict.

Next, appellant contends that the court erred in proceeding to trial in his absence on the punishment stage of the trial.

 The record reflects that after the jury returned a verdict of guilty the court adjourned for lunch until 1:00 P.M. The appellant was not present in court at 1:00 P.M. and the court did not reconvene until 1:30 P.M. At this time the court ascertained from appellant's counsel that someone giving the name of the appellant had called his office and notified them that he would not be there. The court then sent the bailiff to the court house steps to call for the appellant. After the bailiff called for the appellant and there was no response, the trial proceeded in his absence. Counsel for appellant made no objection to the continuation of the trial.[1]

Article 33.03, Vernon's Ann.C.C.P., provides in part that:

". . . when the defendant voluntarily absents himself after pleading to the indictment or information, the trial may proceed to its conclusion."

No error is shown.

Appellant's pro se brief filed herein has been reviewed and the contentions set out therein are not supported by the record. A discussion thereon would add nothing to the jurisprudence of this state.

Finding no reversible error, the judgment is affirmed.

---

1. It is noted that at the time of sentencing the appellant acknowledged that he had not returned to court after lunch. He stated that he had called his attorney to tell him that he was not going to appear. Neither appellant nor his counsel made any objection at the time of sentencing to the court's proceeding in the trial in the absence of appellant.