Vincent B. LAW, Appellant,

v.

The STATE of Texas, Appellee.

No. 46253.

Court of Criminal Appeals of Texas.

Dec. 6, 1972.

Tim K. Banner, Dallas, for appellant.

Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for the unlawful possession of narcotic paraphernalia; the punishment, two years imprisonment.

Appellant entered a plea of guilty before a jury; filed motions requesting that he be granted probation and that the jury assess his punishment.

The only ground of error raised by the appellant is that "The appellant's application for probation and plea for probation were unduly and unfairly prejudiced by the statements of the prosecutor regarding the facilities of the Texas Department of Corrections, made during the punishment arguments."

This ground of error is based upon the following:

"(Assistant District Attorney): . . the Texas Department of Corrections is well, well stocked to help a man like this. It's under the care of Dr. Beto, a former—

"(Defense counsel): (interposing) Your Honor, I object to his going into matters outside the record.

"THE COURT: Overruled.

"(Assistant District Attorney): They have a psychiatric staff there—

"THE COURT: (interposing) Sustained, sustain your objection to the last statement.

"(Defense counsel): I ask that the jury be instructed to disregard it.

"THE COURT: The jury is to disregard it.

"You have less than a minute . . ."

The trial court, after overruling counsel's objection, promptly changed his first ruling. We interpret the defense attorney's re-

quest and the court's instruction for the jury to disregard the "last statement," to include all of the argument of the assistant district attorney, of which complaint is now made. The court instructed the jury to disregard the argument and the appellant asked for no further relief. Nothing is presented for review. Craig v. State, 480 S.W.2d 680 (Tex.Cr.App.1972); Powell v. State, 475 S.W.2d 934 (Tex.Cr.App.1972); and Williams v. State, 427 S.W.2d 868 (Tex.Cr.App.1967).

The judgment is affirmed.

Opinion approved by the Court.