Billy Earl CLAYTON, Appellant,

v.

The STATE of Texas, Appellee.

No. 46155.

Court of Criminal Appeals of Texas.

April 25, 1973.

James Oliver McRae, Houston, for appellant.

Carol Vance, Dist. Atty., James C. Brough and John Pizzitola, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This appeal arises out of a conviction for attempted burglary with intent to commit theft. The punishment was assessed at

three (3) years by the court following a jury verdict of guilty.

In his sole ground of error, appellant challenges the sufficiency of the evidence to sustain his conviction.

Bonnie Taylor testified that on September 12, 1971 she resided at 2827 Cetti Street in the City of Houston; that about 4 a.m. she was awakened by a barking dog, heard a bedroom window being opened and saw heavy drapes blowing through the window which had been closed. She picked up a hammer and yelled to her dog to "cut that out," switched on the light and telephoned the police who got "there immediately."

Mrs. Taylor testified that about three weeks before she had put a white sealer, which was chalky in appearance, on the window in question and she had not since been able to raise the window.

She was unable to identify whoever it was that had raised the window. She related she had not given the appellant permission to break or attempt to break into her house where she lived alone and over which she exercised care, custody, and control.

Houston Police Officer G. W. Bailey testified that as he approached the Taylor residence, after the call had been received, he saw the appellant run out of Mrs. Taylor's yard. Bailey and his partner had their vehicle's lights off and the appellant ran toward their car. When he got near the vehicle, he quit running and began to walk. Officer Bailey turned on the vehicle's lights and asked the appellant why he was running. He replied, "I don't know why, I'm just running." At this time the officer noticed a white chalky or powdery substance on the sleeves and the front of appellant's shirt, and, when queried about the same, appellant replied he had gotten the substance on his shirt at work but was unable to tell the officer where he was employed. When asked for identification, the appellant put his hands in his pockets and

mumbled. He appeared to be nervous and "jumpy." As the officer started to get out of the car, the appellant broke and ran, climbed a fence, got tangled in the barbed wire at the top and finally fell off in a yard where he encountered two German Shepherd dogs. The officer lost sight of him.

Other State's evidence reflects that shortly thereafter Officer Bailey's partner saw the appellant run from a yard in the 2800 block of the street one block west of Cetti Street. Again the chase ensued and again the officers lost sight of the appellant but later discovered him hiding under a car in a garage in the 2900 block of Cetti Street. Appellant still had the white chalky or powdery substance on his shirt.

Upon investigation, the officers found pry marks and smudges on the window in question on which the complaining witness had earlier applied the white sealer.

The appellant offered no testimony.

The court charged on the law of circumstantial evidence.

In support of his contention that the evidence is insufficient, the appellant relies upon Jackson v. State, 145 Tex.Cr.R. 46, 165 S. W.2d 740 (1942). There, the indictment alleged attempted burglary, it being particularly averred that the manner of the attempt was that the defendant "did reach with his arm through a broken pane in the window of said house in an attempt to unlock and raise said window . . . ." Proof failed to support such allegation and the cause was reversed. We are not confronted with such an allegation in the case at bar and do not deem Jackson controlling.

Here, the evidence reflects that someone, around 4 a.m., raised the window of Mrs. Taylor's house; that within approximately fifteen minutes later the appellant was seen running from her yard; that he had on his shirt a substance similar in appearance to the white sealer which had been applied to the window; that he fled from the officers and was later found hiding.

In a prosecution for attempted burglary with intent to commit theft, the intent of the accused must be established.

■ It is well settled that the act of breaking and entering a house at nighttime raises a presumption that it is done with the intent to commit theft or steal. Shelby v. State, 479 S.W.2d 31 (Tex.Cr.App. 1972); Powell v. State, 475 S.W.2d 934 (Tex.Cr.App.1972); Martinez v. State, 469 S.W.2d 185, 186 (Tex.Cr.App.1971); Leaderbrand v. State, 457 S.W.2d 557 (Tex.Cr. App.1970); Garcia v. State, 453 S.W.2d 822 (Tex.Cr.App.1970); Green v. State, 435 S.W.2d 513 (Tex.Cr.App.1969); Byrd v. State, 435 S.W.2d 508 (Tex.Cr.App. 1968); Gibson v. State, 434 S.W.2d 851 (Tex.Cr.App.1968); Bonner v. State, 375 S.W.2d 723 (Tex.Cr.App.1964); Roberts v. State, 375 S.W.2d 303 (Tex.Cr.App.1964); Briones v. State, 363 S.W.2d 466 (Tex.Cr. App.1963); 6A Texas Digest Burglary § 29.

The presumption also applies in prosecution for attempted burglary with intent to commit theft where the offense occurs during the nighttime. Hines v. State, 458 S.W.2d 666 (Tex.Cr.App.1970).

With intent established by this presumption under the facts shown, we turn to the other evidence.

■ Though flight of an accused is not ground for presuming guilt, it is still a circumstance from which an inference of guilt may be drawn. Ysasaga v. State, 444 S.W.2d 305 (Tex.Cr.App.1969); 23 Tex. Jur.2d Evidence § 102, pp. 139–140. Presence, however, in the vicinity of a crime and flight are not alone sufficient to sustain a conviction. Cawley v. State, 166 Tex.Cr.R. 37, 310 S.W.2d 340 (Tex.Cr. App.1957) cert. den. 361 U.S. 920, 80 S.Ct. 266, 4 L.Ed.2d 188.

■ Here, however, in addition to the appellant's presence in Mrs. Taylor's yard in the early morning hours shortly after the commission of the crime and his flight,

we have evidence that appellant's shirt contained a white powdery substance similar in appearance to the sealer on the window which was raised. When this evidence is taken in connection with all the other circumstances, we deem the evidence sufficient to support the jury's verdict considering the evidence in the light most favorable thereto.

■ We have also considered appellant's pro se brief filed in this court and find no grounds of error which should be considered "in the interest of justice." See Article 40.09 § 13, Vernon's Ann.C.C.P.

The judgment is affirmed.

MORRISON, Judge (concurring).

I have examined the record in this case, in view of my dissent in Hines v. State, supra, and concur in the affirmance of this conviction. The witness Taylor testified that she heard her window being raised.

I concur.