**Michael Wayne BLEDSOE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 55048.**

Court of Criminal Appeals of Texas, Panel No. 3.

Feb. 14, 1979.

Rehearing En Banc Denied March 28, 1979.

Thomas L. Cox, Jr., Dallas, for appellant.

Henry M. Wade, Dist. Atty., William M. Lamb, William C. Dowdy, III ("Trey") and Sam G. Longoria, Asst. Dist. Attys., Dallas, for the State.

Before DOUGLAS, ROBERTS and DALLY, JJ.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for attempted burglary of a vehicle. V.T.C.A., Penal Code, Sections 15.01 and 30.04. Upon a plea of not guilty, appellant was convicted by a jury; punishment was assessed by the court at one year of confinement in the county jail.

After careful consideration, we sustain appellant's contention that the evidence is insufficient to support his conviction, and accordingly, pursuant to the dictates of *Burks v. United States*[1] and *Greene v. Massey*,[2] we order that the judgment of conviction be set aside and reformed to show an acquittal.

Viewing the evidence in the light most favorable to the verdict, *Fernandez v. State*, 564 S.W.2d 771 (Tex.Cr.App.1978), the record reflects that on July 10, 1976, at approximately 9:45 a. m., Dallas Police Officer Fred Sibley received a radio message that an automobile was being burglarized on the parking lot of a nearby doctor's office. Immediately responding to the call, Sibley arrived on the scene and observed appellant near the passenger side door of a 1973 Ford L.T.D. automobile. Sibley then observed appellant duck between the cars as if he were trying to conceal himself.

A search of the immediate area revealed a screwdriver and clothes hanger lying on the ground approximately three feet away

1. *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1.

2. *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15.

from appellant.[3]  On cross-examination Sibley testified that as he entered the parking lot he observed appellant standing near the complainant's car, but that he could not see the appellant's hands because the appellant was facing away from him.  Sibley was then asked by defense counsel:

"Q  Then when you say he appeared to be unlocking the door then you're just guessing that, you have nothing—other than he was standing with his back, that's all you observed, is that correct?

"A  Yes, sir, with his hands in front of him.

"Q  His hands were in front?  You couldn't see his hands.

"A  Right, where I couldn't see his hands."

It was further established that a close inspection of the complainant's car revealed no scratches or pry marks which would indicate that entry had been attempted; also, there was no evidence of flight by the appellant.

■ Section 15.01, supra, of the Penal Code defines the offense of criminal attempt and delineates the punishment attached thereto.  Section 15.01(a) provides:

"(a)  A person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended."

The intended offense in the present case is that of burglary of a vehicle, V.T.C.A., Penal Code, Sec. 30.04, which provides that:

"(a)  A person commits an offense if, without the effective consent of the owner, he breaks into or enters a vehicle or any part of a vehicle with intent to commit any felony or theft.

"(b)  For purposes of this section, 'enter' means to intrude:

"(1)  any part of the body; or

"(2)  any physical object connected with the body. . . . "

Thus, criminal attempt responsibility attaches when one commits an "*act* amounting to more than mere preparation that tends but fails to effect the commission of the offense intended." (Emphasis supplied.) V.T.C.A., Penal Code, Sec. 1.07(a)(1) defines the word "act" as "a bodily movement, whether voluntary or involuntary . . . . ."

■ After reviewing and considering all of the evidence in the present case, including the incriminating circumstances surrounding appellant's arrest, we are unable to conclude that the appellant committed an "act," as that word is defined by Section 1.07(a)(1), supra, that amounted to more than mere preparation to effect the object offense;  he was not seen touching the complainant's car and, as previously stated, there were no scratch or pry marks on the car which indicated an attempted entry.  Appellant's mere presence at the scene is not alone sufficient to support his conviction.  *Ashabranner v. State,* 557 S.W.2d 774, 776 (Tex.Cr.App.1977).  Nor, under the present circumstances, do we attach significance to the fact that a screwdriver and clothes hanger were found within the area of appellant's immediate control.  A person should not be held criminally responsible simply because a vigilant police officer intervenes before he begins to implement his criminal designs.  See and cf. *Jackson v. State,* 145 Tex.Cr.R. 46, 165 S.W.2d 740 (1942).

We find that the State's reliance on *Hines v. State,* 458 S.W.2d 666 (Tex.Cr.App. 1970) (Opinion on the State's Motion for Rehearing) is misplaced in light of the facts of the present case.  In *Hines,* the defendant was observed at the back door of the complaining witness's house with one hand on the screen door handle through which he was peering.  Also, the evidence showed that the defendant gained access to the premises by going through a fence gate.  In the present case, however, there is no evidence that appellant touched the complain-

**3.** Sibley testified on direct examination that when he first entered the parking lot and ob- served the appellant "[i]t appeared that he might be unlocking the door or something."

ant's vehicle, or that he was unlawfully upon the premises where the vehicle was parked, consequently, we are unable to point to an affirmative act by the appellant which amounted to more than mere preparation which tended but failed to effectuate the intended offense, i. e., there is no evidence that appellant committed an act tending to effectuate the breaking into or entering of the complaint's car. See and cf. *Pickett v. State,* 542 S.W.2d 868 (Tex.Cr. App.1976) (broken glass door); *Johnston v. State,* 477 S.W.2d 891 (Tex.Cr.App.1972) (hole in roof); *Smith v. State,* 477 S.W.2d 274 (Tex.Cr.App.1972) (pried door); *Smith v. State,* 460 S.W.2d 927 (Tex.Cr.App.1970) (pried window screens). See also *Stone v. State,* 396 S.W.2d 882 (Tex.Cr.App.1965).

We conclude that the evidence, when viewed in the light most favorable to the verdict, shows, at very best, that at the moment of his arrest appellant was preparing to commit the offense of burglary of a vehicle, but that his conduct had not yet reached a point where it could be said to amount to more than mere preparation. The evidence to support appellant's conviction was therefore insufficient.

The judgment of conviction is set aside and reformed to show an acquittal.

DOUGLAS, Judge, dissenting.

The evidence in this case is sufficient to support the conviction for attempted burglary. At approximately 9:45 in the morning an Officer Sibley received a message that an automobile was being burglarized on a parking lot near a doctor's office. In a very short time, Officer Sibley arrived at the scene and saw the appellant standing next to a Ford automobile. The officer approached appellant from behind. Appellant ducked between the cars in an apparent attempt to conceal himself when he saw the officer. Within two or three feet from the appellant the officer found a clothes hanger and a screwdriver. The car had a tape player and police scanner inside that could be seen from the outside. As the officer approached it appeared to him that appellant might have been unlocking the door; he then whirled and ducked down, kneeling to the ground between two cars.

Appellant testified that he was tying his shoe but the officer testified that he was not. Appellant told the officer that he was coming from the doctor's office but when he testified he said that he was coming from a store. He testified that the previous year he had been convicted for misdemeanor theft and that he had been convicted of burglary of a motor vehicle and had been placed on probation. Appellant also testified that he had one foot on the car.

The majority opinion says that there was no flight in the present case. Apparently appellant thought attempted flight would be useless in view of the proximity of the officer who walked upon appellant from his back side. The facts in this case are somewhat like those in *Hines v. State,* 458 S.W.2d 666 (Tex.Cr.App.1970), where the conviction was for attempted burglary. In that case, Hines was seen at the back door of a house with his hand on the door handle and one hand on the wall of the house looking through the screen door into the house. When the owner came up the appellant jumped off and ran. On the night in question, one passing the house could have seen a ladies' purse on the couch in the room. The door from which Hines fled opened to the room where the purse was located. In that case we found the evidence sufficient to support the conviction. There were no tools found on or near the defendant in that case. In the present case there were tools found within two or three feet. Appellant gave an explanation to the officer that he had been to the doctor's office but when he testified he testified that he was coming from a store. His testimony also showed that he knew how to use a hanger to enter a motor vehicle. The evidence is sufficient to support the conviction for attempted burglary. It shows more than mere preparation. He had gone to the automobile, he had the tools there. By his own testimony he had one foot on the car and it appeared to the officer that he was trying to unlock the car.

The judgment should be affirmed.