**Hayden ROACH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–81–00099–CR.**

Court of Appeals of Texas,
San Antonio.

May 5, 1982.

James A. Kosub, San Antonio, for appellant.

Bill White, Dist. Atty., Alan E. Battaglia, Asst. Dist. Atty., San Antonio, for appellee.

Before CADENA, C. J., and BUTTS and CLARK, JJ.

OPINION

CLARK, Justice.

This is an appeal from a conviction for attempted burglary of a building. Trial was to a jury. Appellant elected to have the trial court fix punishment and was assessed four years' confinement.

During the early morning hours of December 16, 1978, San Antonio police officers responded to a silent alarm at a dry cleaning establishment. The officers estimated their arrival time was two to two and one-half minutes after being notified of the alarm. Upon checking the front door and finding it secure, the first officer on the scene drove around to the back of the building. The area behind the building was enclosed by an eight-foot chain link fence, and a gate which was still chained and locked had been pushed open sufficiently for a man to enter. The officer's spotlight shone upon a man outside the building at the rear double doors, who immediately jumped away from the doors and hid in the vicinity of an outbuilding. The officer stepped through the gap in the gate, drew his pistol, and ordered the man to come out with his hands up. The appellant emerged and surrendered as ordered. The officers checked the entire area, both outside and inside the building. Although their search did not turn up any other suspects, they found that the back doors had been forced partially open. Ordinarily the rear doors to the building were secured by bolts at both the top and bottom and by a bar across the doors. Additional security was provided by a silent alarm. The owner of the building and the alarm company's service man were the last persons to leave the building earlier in the evening. The owner testified that not only were the back doors secured when she left that night, but also the fence that surrounded the back of the premises had been checked and found secure approximately an hour before she left. The silent alarm was in good working order, as evidenced by its response to the intrusion and by testimony that it had just been repaired

earlier that evening. Just outside the partially opened, but still barred, back doors the officers found a roofing knife which the appellant identified as his. One of the officers testified that the roofing knife was a suitable tool for forcing the bolts on the doors and explained how it could be used for that purpose, although on cross-examination the officer stated that the knife did not appear to have any marks on it from prying or cutting a metal object.

Appellant presents two grounds of error. He asserts first that the evidence does not support a conviction for attempted burglary because there is no evidence that he attempted to commit theft. In his second ground of error appellant contends the verdict is contrary to the greater weight of the evidence. In reviewing the sufficiency of the evidence, we must consider it in the light most favorable to the verdict. *Fernandez v. State*, 564 S.W.2d 771 (Tex.Cr. App.1978).

The applicable burglary and criminal attempt statutes provide in pertinent part:

(a) A person commits an offense if, without the effective consent of the owner, he:

(1) Enters ... a building ... not then open to the public, with intent to commit a felony or theft. Tex.Penal Code Ann. 30.02(a)(1) (Vernon 1974).

(b) A person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended. Tex.Penal Code Ann. § 15.-01(a) (Vernon Supp.1982).

■ To sustain a conviction the evidence must establish that appellant, with the requisite intent, did an act, amounting to more than mere preparation to enter the building, that tended, but failed, to effect the commission of burglary of the building. Appellant contends there is no evidence that he damaged the doors and therefore he could not be guilty of attempted burglary. Appellant asserts that mere presence at the scene of an offense is not sufficient to support a conviction. *See Ashabranner v.*

*State*, 557 S.W.2d 774, 776 (Tex.Cr.App. 1977) [Indictment based on Tex.Penal Code Ann. § 7.02(a)(2) (Vernon 1974), criminal responsibility for an offense committed by the conduct of another]. We agree that mere presence is not sufficient for conviction of the crime with which appellant was charged; however, the court in *Ashabranner* pointed out that presence is a circumstance tending to prove guilt which, when considered with the other evidence in a case, may be sufficient to prove the accused committed the crime. *See Ashabranner v. State*, 557 S.W.2d at 776. In conjunction with *Ashabranner*, appellant relies on *Bledsoe v. State*, 578 S.W.2d 123 (Tex.Cr.App. 1979). In *Bledsoe* the offense charged was burglary of a vehicle, and the defendant's conviction was reversed for insufficient evidence. The defendant was not seen touching the car, and there were no scratch or pry marks which would indicate an attempt had been made to enter. In addition, the defendant was not trespassing on the premises where the vehicle was parked. By way of contrast, the record before us establishes that the appellant was apprehended within fenced private premises in the early morning hours before dawn, no more than two and one-half minutes after a silent burglar alarm sounded. The chained and locked gate in the fence had been forced partially open, as had the locked and barred back doors of the building. Appellant jumped away from the back doors and attempted to hide when the officer's spotlight shone on him; and his roofing knife, which was suitable for releasing the bolts securing the doors, was discovered on the ground near the doors. Appellant did not offer any evidence.

■ Attempted burglary may be proved circumstantially. *See Williams v. State*, 544 S.W.2d 428 (Tex.Cr.App.1976); *Hines v. State*, 458 S.W.2d 666 (Tex.Cr.App. 1970). The intent to commit theft will be presumed if the attempted entry occurred at night. *Hines v. State*, 458 S.W.2d 666, 668 (Tex.Cr.App.1970); *Clark v. State*, 543 S.W.2d 125, 128 (Tex.Cr.App.1976). The record in this case establishes that the of-

fense took place at night. The State was not required to prove that appellant attempted to commit theft, but only that he attempted to commit burglary with intent to commit theft. Tex.Penal Code Ann. 30.-02(a)(1) (Vernon 1974). Taking into consideration all of the facts and circumstances proved, and viewing the evidence in the light most favorable to the verdict, the evidence is adequate to support the conviction.

Appellant's two grounds of error are overruled and the judgment of the trial court is affirmed.

CADENA, Chief Justice, concurring.

I concur in the result without relying on the statement that an intent to commit theft will be presumed if the entry or attempted entry occurred at night.