**Keith Wayne FLOURNOY, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2-82-108-CR.**

Court of Appeals of Texas,
Fort Worth.

April 6, 1983.

Rehearing Denied May 18, 1983.

Quillin & Thompson, and Larry M. Thompson, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and Hamilton Barksdale, Asst. Dist. Atty., Fort Worth, for State.

Before FENDER, C.J., and BURDOCK and SPURLOCK, JJ.

OPINION

SPURLOCK, Justice.

Appellant, Keith Wayne Flournoy, was convicted by a jury of attempted burglary of a habitation. V.T.C.A. Penal Code, § 30.02 and § 15.01. Flournoy pled "true" to the second paragraph of the indictment, alleging that he had been convicted of a prior felony, and the jury imposed a sentence of twenty-five (25) years imprisonment.

We reverse and dismiss.

 Among Flournoy's alleged grounds of error is the contention that the evidence adduced at trial was insufficient to sustain Flournoy's conviction, because there was not proof beyond a reasonable doubt that Flournoy reached "his hand through a screen door of the habitation . . ."; which is a specific allegation required to be proved by the indictment. We agree that the evidence at trial fails to show beyond a reasonable doubt that Flournoy reached his hand through the screen door of the victim's mobile home.

The indictment and charge to the jury specifically require that the jury find that Flournoy reached his hand through a screen door to the habitation in question. Our review of the record reveals that there was a failure of proof upon this allegation by the State, and that the evidence adduced at trial was insufficient to sustain the jury finding. The complainant's testimony upon this point, viewed in the light most favorable to the State, but bearing in mind the presumption that the accused was innocent,

in accord with the standard of review set forth in *Carlsen v. State,* —— S.W.2d ——, Docket No. 63,987 (Tex.Cr.App., March 1, 1983), does not constitute evidence which sufficiently establishes the specific allegation in question. While evidence given by the complainant certainly raised a strong suspicion of Flournoy's guilt, this is not sufficient for conviction beyond a reasonable doubt. The record is devoid of any evidence to show that Flournoy reached his hand through the screen door of the complainant's habitation. Rather, the record reflects that the jury made a quantum leap from what the complainant believes occurred to the requirement of the burglary statute, e.g.: entry, in this instance, by reaching a hand through the screen door of a habitation. The testimony of the complainant does not at any place specifically establish that the complainant saw Flournoy reach his hand through the screen door, or indeed, enter her habitation by any means, but rather contains conclusory statements that this is what must have happened, instead of statements that she saw this happen; nor was there physical evidence adduced at trial demonstrating that this did in fact occur.

▮▮▮▮ The foregoing alone would be sufficient in our opinion to merit reversal. We are constrained to note further that the State failed to meet the statutory burden of proof of the attempt statute, V.T.C.A. Penal Code, § 15.01(a): "A person commits an offense if, with specific intent to commit an offense, he does an *act amounting to more than mere preparation* that tends but fails to effect the commission of the offense intended." (Emphasis added.) Thus one must be shown to have committed an *act,* amounting to more than mere preparation, that tends but fails to effect the commission of burglary of a habitation with intent to commit theft, to be convicted in the instant case. V.T.C.A. Penal Code, § 1.07(a)(1) defines the word "act" as "a bodily movement, whether voluntary or involuntary, ..." After reviewing and considering all of the evidence in the present

case, we are unable to conclude that Flournoy committed an "act", as that word is defined by § 1.07(a)(1) that amounted to more than mere preparation to effect the object offense. He was not seen reaching through the screen door; nor opening that door at all; and no evidence of damage or marks upon that door which indicated an attempted entry was introduced. Flournoy's mere presence at the scene[1] is not alone sufficient to support his conviction. Nor do we attach significance as proof of an act amounting to more than mere preparation that Flournoy knocked loudly and long upon the mobile home in question, or that his companion attempted to peer through a back window, as these acts, arguably made to ascertain that no one was at home preparatory to burglary of the mobile home, do not amount to more than mere preparation. There is simply insufficient evidence, either direct or circumstantial, to justify a rational trier of fact in concluding beyond a reasonable doubt that Flournoy committed an act failing to effectuate burglary of a habitation with intent to commit theft, as alleged. We conclude that the evidence, when viewed in the light most favorable to the verdict, shows, at very best, that at the moment that the complainant confronted him with a shotgun while Flournoy stood outside the closed screen door, he was preparing to commit the offense of burglary of a habitation; but that his conduct had not yet reached a point where it could be said to amount to more than mere preparation. The evidence to support Flournoy's conviction was therefore insufficient. *See Bledsoe v. State,* 578 S.W.2d 123, 125–126 (Tex.Cr.App.1979).

As we reverse upon this ground of error, we do not find it necessary to consider the remainder of Flournoy's alleged grounds of error.

We reverse and dismiss.

---

1. We note that Flournoy presented an alibi defense at trial. The jury obviously did not believe his alibi defense, and our review on appeal presumes him to be the actor.