**Keith Wayne FLOURNOY, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2-82-108-CR.**

Court of Appeals of Texas,
Fort Worth.

May 23, 1984.

Marc Richman (on appeal only), Dallas, J.R. Molina (on appeal only), Fort Worth, for appellant.

Tim Curry, Dist. Atty., and C. Chris Marshall, Asst. Dist. Atty., Fort Worth, for appellee.

Before JORDAN, ASHWORTH and HILL, JJ.

## OPINION

HILL, Justice.

This is an appeal from a conviction for the offense of attempted burglary of a habitation, with the punishment, enhanced by a prior conviction, set at 25 years in the Texas Department of Corrections.

This court originally reversed the conviction, finding that the evidence was insufficient to support the conviction. *Flournoy v. State,* 650 S.W.2d 526 (Tex.App.—Fort Worth 1983). On the State's petition for discretionary review, the Court of Criminal Appeals held that the evidence was sufficient. They ordered this cause remanded to us for determination of the appellant's remaining grounds of error.

We affirm.

█ In his ground of error number three, the appellant complains of the State's bolstering the unimpeached identification testimony of the complaining witness. The complaining witness, Lyndia K.

Conley, identified the appellant at trial as one of three men who attempted to break into her mobile home. B.G. Whistler of the Tarrant County Sheriff's Department then testified that on November 17, 1981, he showed her a photo spread, and she at that time identified the appellant as the man who had attempted to break in. On cross-examination, the attorney for appellant had attempted to impeach the eyewitness by showing that she only confronted him directly for a few seconds, and that she did not remember anything unusual about the burglar except that his cheeks were sunken. Since the appellant had attempted to impeach the eyewitness, it was not error to admit the testimony of the officer as to her prior identification of the accused. *Wilhoit v. State*, 638 S.W.2d 489, 495 (Tex.Crim. App.1982); *Smith v. State*, 595 S.W.2d 120, 124–26 (Tex.Crim.App.1980). Further, since there was no objection to the testimony, nothing is presented for review. *Thompson v. State*, 537 S.W.2d 732, 736 (Tex.Crim.App.1976).

In his fourth and final ground of error, as well as in his supplemental brief, appellant claims that he was denied his constitutional right to effective assistance of counsel at trial. Appellant has set forth in his briefs several instances of conduct or omission by trial counsel which appellant claims constitute ineffective assistance of counsel.

The standard to be used in gauging the effectiveness of counsel, whether retained or appointed, is reasonably effective assistance. *Ex parte Duffy*, 607 S.W.2d 507, 516 (Tex.Crim.App.1980). Any claim of ineffective assistance of counsel must be determined upon the particular circumstances of each individual case. *Johnson v. State*, 614 S.W.2d 148, 149 (Tex. Crim.App.1981). The adequacy of attorney services must be gauged by the totality of the representation, and allegations of ineffective assistance must be firmly founded. *Benoit v. State*, 561 S.W.2d 810, 817 (Tex. Crim.App.1977). In addition, the constitutional right to counsel does not mean errorless counsel, and counsel is not to be judged by hindsight. *Benoit, supra*. The

fact that another lawyer might try the case differently does not show inadequate representation. *Ex parte Prior*, 540 S.W.2d 723, 727 (Tex.Crim.App.1976).

We have reviewed the entire record and hold that appellant did receive effective assistance of counsel. Appellant's fourth ground of error is overruled.

The appellant filed a supplemental brief. Upon review, we find that the supplemental brief does not conform with the requirements of TEX.CODE CRIM.PROC. ANN. art. 40.09(9) (Vernon Supp.1984), as appellant raises several new grounds of error. These grounds of error are not properly before us for review. *Coleman v. State*, 632 S.W.2d 616, 619 (Tex.Crim.App. 1982).

The judgment is affirmed.