# SUPREME COURT OF TEXAS.

## TERM OF 1872-3.

### Ex-Parte Henry Bramer and others.

1. On the hearing of a motion to admit to bail after indictment found, if the testimony of the witnesses who testified before the grand jury fails to make out a case that would require the refusal of bail, it should be granted; unless the State produces other evidence which shows that the party is not entitled to bail.
2. It is error to refuse to admit a party to bail, upon the statement of a district attorney that he has other evidence which he will not disclose for fear of weakening the State's case.

Appeal from Hays. Application for *habeas corpus*, heard below by the Hon. J. P. Richardson.

There is no occasion for a statement of the facts.

*Sheeks & Sneed*, for the appellants.

*William Alexander*, *Attorney-General*, contra.

Walker, J. This record contains what purports to be a full statement of the evidence on which the relators were indicted for the murder of one Quinn, and is wholly insufficient to make out even a *prima facie* case of murder.

The *corpus delicti* is not proven; the only evidence of Quinn's death is his somewhat mysterious disappearance from the neighborhood in which he lived, and the finding of some small bones which might have been inferred to be human

bones, and those of Quinn ; but it does not appear to have been proven by any anatomist that they were human bones, nor is there any evidence, at all conclusive, that Quinn's bones have yet been separated from the rest of his body.

The evidence on which an indictment is found may make out a *prima facie* case of guilt, but it is not correct law to say that the indictment itself makes a *prima facie* case for the State. If this were true, a party indicted might be convicted alone upon the indictment, without evidence other than the *ex-parte* statements of witnesses made before the grand jury.

On a motion to admit to bail after indictment, it is proper, as was done in this case, to hear the evidence of the witnesses who testified before the grand jury, and if their evidence fails to show that the party is not entitled to bail, the court should admit to bail, unless the State produces other evidence, which shows the party is not entitled to bail ; and it is error to refuse bail upon the statement of the district attorney that he has other evidence which he will not disclose for fear of weakening the State's case.

The judgment of the District Court must be reversed, and the relators admitted to bail, each in the sum of one thousand dollars.

Reversed, and bail allowed.