## HAYS WOMACK v. THE STATE.

No. 13905.  Delivered February 11, 1931.

The opinion states the case.

*W. R. Parker* and *John Morison,* both of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of equipment for the purpose of manufacturing intoxicating liquor; the punishment, confinement in the penitentiary for one year.

Bill of exception No. 3 relates to the remarks of the court to the jury upon being advised that they were unable to agree upon a verdict. The court certifies that the following occurred:

"The court asked the jury whether or not they had agreed on a verdict and upon being advised that they had not the court asked the jury how they stood numerically and upon being advised by a member of the jury that they stood eleven to one the court then asked of the jury who the one man was that was holding out against the eleven, to which the court received no response. The court then stated to the jury that his reason for wanting to know who the one man was was so he could inquire of said juror whether or not there was a possibility of his changing his vote, to which statement the court again received no response. The court then stated to the jury that his purpose was to prevent a mistrial if possible, as mistrials cost the county money. The court then asked the jury how they had conducted their balloting and was informed by a member of the jury that it was done secretly. The court then stated to the jury that he suggested that they go back into the jury room and take an open ballot and in that way they could find out who the one man was who was holding out against the eleven and that they could then discuss the case and evidence with him. The court further stated to the jury that it was not his intention to influence any member of the jury; that they and each of them were entitled to their opinions and had a right to stand by it. One member of the jury at that point informed the court that when the jury first retired they stood ten to two for conviction and that he was one of the two who had voted for an acquittal but that he came over for guilty, leaving the count eleven to one for conviction. The court again suggested to the jury that they retire and take an open ballot and see if they could agree, whereupon said jury retired and within approximately five minutes, returned a unanimous verdict of guilty into the court."

A similar situation was presented in Golden v. State, 89 Texas Crim. Rep., 525, 232 S. W., 813. In that case the jury advised the trial judge that they had been unable to reach a verdict. The court asked them if they thought they could reach a verdict, and the foreman replied in the negative. The court then advised the jury that while it was not his purpose to punish them by keeping them together, yet it was expensive to try cases, and the court was unable to see why a verdict in a case in which the testimony was short and clear could not be reached. Further, the court stated to the jury that he had no power or right to make them reach a verdict. Being advised by the jury that they had agreed upon the question of the appellant's guilt or innocence, the court asked them

upon what point they were unable to agree, and the foreman replied that they were unable to agree as to the suspension of the sentence. The court then asked the jury how they stood numerically on this question, and was advised that they stood ten to two. The court asked: "Do you two gentlemen think you could ever agree to a verdict in this case?" One of the jurors replied in the negative and the other stated that he thought they could if the court would send them back. Whereupon the court said: "Then gentlemen retire and try to get a verdict in this case. It is the desire of the court that you get a verdict, and if you are unable to get a verdict after you retire, I will discharge you a little later." In reaching the conclusion that the remarks of the court constituted error, Judge Lattimore, speaking for the court, said:

"It seems that after having so expressed himself, the court spoke directly to the two jurors who had not found the evidence clear enough to lead them to agree to a conviction without suspended sentence, and asked them if they thought they could ever agree to a verdict. One of them answered that he thought if the court would send them back they could; the other replied that he did not think they could. The court then told them to retire and try to get a verdict; that it was the desire of the court that they get a verdict. This was manifest error. These two men had agreed, as far as they were concerned, on a verdict of guilt with the suspended sentence. The expression to them by the court of his wish to know if they could agree on a verdict was obviously an inquiry as to whether they could agree with the others of the jury; and we are unable to rid ourselves of the belief that under the circumstances the trial court's statement of his desire that they should get a verdict might easily be construed by said two jurors as directed at them, and as evidencing a desire on the part of the court that they should agree to what the others had agreed on."

In Lagrone v. State, 84 Texas Crim. Rep., 609, 209 S. W., 411, Presiding Judge Morrow, speaking for the court, said:

"It is a most delicate undertaking to have verbal communications with the jurors touching the case on trial after the retirement of the jury, and should be attempted only upon rare occasions and impelled by the soundest reasons, and too much caution cannot be exercised in the effort to avoid impressing the jury with the idea that the court entertains any impressions of the case which he wishes them to know, and putting before them matters which should not enter into or affect their deliberations, such as the expense incident to a mistrial, should in all cases be avoided. To the jury the language and conduct of the trial court have a special and peculiar weight."

The State's attorney before this court confesses error. We are driven to the conclusion that under the circumstances the trial court's statement that it was his object to prevent a mistrial if possible, as trials cost

the county money, might easily have been construed by the juror who stood out against the eleven as directed at him, and as evidencing a desire on the part of the court that he should agree to what the others had agreed on.

For the error discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.