**Pascual LOPEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 04–84–00323–CR.

Court of Appeals of Texas, San Antonio.

Jan. 29, 1986.

Warren Weir, San Antonio, for appellant.

Sam Millsap, Jr., Robert Reaves, Edward Shaughnessy, III, Crim. Dist. Attys., San Antonio, for appellee.

Before REEVES, TIJERINA, JJ., and SHARPE, Assigned Justice.*

## OPINION

TIJERINA, Justice.

This is an appeal from a conviction for burglary of a habitation (repeater). TEX. PENAL CODE ANN. § 30.02 (Vernon 1974). The jury found appellant guilty as charged and the court assessed punishment at fifteen (15) years' confinement.

Appellant here urges that the court erred: (1) in declining to grant a mistrial after several improper jury arguments; and (2) in admitting appellant's "pen packet" under the authority of TEX.REV.CIV. STAT.ANN. art. 3731.

■ Appellant initially complains of improper and prejudicial jury argument by the prosecutor. Texas courts have approved jury argument in the following areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement. *Todd v. State*, 598 S.W.2d 286, 296–97 (Tex. Crim.App.1980). Generally, improper jury argument will not constitute reversible error unless, in light of the record as a whole, the argument is extremely or manifestly improper, is violative of statute, or injects new facts, harmful to the accused, into the trial. *Cannon v. State*, 668 S.W.2d 401, 404 (Tex.Crim.App.1984).

The first jury argument to which appellant objects is reflected by the record as follows:

MR. REAVES: Now defense counsel is going to get up here and talk to you,

but one thing he is not going to say, he is not going to say his client is innocent.

MR. WEIR: Judge, that's absolutely improper for him to argue to this jury. It's incredibly prejudicial to have me testify for or against by saying what I can or cannot do as a comment on this defendant's failure to testify.

MR. REAVES: It's not either.

THE COURT: Ladies and gentlemen, I don't know what Mr. Weir is going to say in his argument and I would sustain the objection.

MR. REAVES: Your Honor, I won't say what he is going to say. One thing he is going to do, he is going to get up here with this charge, and he is going to try to confuse you and mislead you, have you believe this man is not the owner of the house, or some other term, that it's not a habitation, or whatever. It's just an attempt, ladies and gentlemen, to mislead you, to lead you astray. The question remains—

MR. WEIR: Excuse Judge. Lead somebody astray or my behavior is absolutely prejudicial and improper argument.

THE COURT: I'm sure Mr. Weir will not misbehave. I don't think counsel meant it that way, Mr. Weir.

■ It is apparent from this colloquy that error, if any, by the prosecutor's improper argument was not preserved for review. Defense counsel did not move the court to instruct the jury to disregard the prosecutor's comments, nor did the court, while sustaining the objection, so instruct the jury. *See Powell v. State*, 475 S.W.2d 934, 935 (Tex.Crim.App.1972).

Appellant's second complaint regarding improper jury argument concerns the following comments:

MR. REAVES: Ladies and gentlemen, you will remember when the officers confronted the defendant and his accomplice. The testimony was, by Offi-

---

* Assigned to this case by the Chief Justice of the Supreme Court of Texas as authorized pursuant

to TEX.REV.CIV.STAT.ANN. art. 1812(d) (Vernon Supp.1986).

cer Roberts, that they inquired as to why they were there. *Of course, we couldn't get that to you because of all of the objections.* [Emphasis added.]

There was a specific objection from defense counsel. The trial court sustained the objection and instructed the jury to disregard the prosecutor's argument. Defense counsel then moved for a mistrial, but was overruled. Immediately thereafter, the prosecutor argued that appellant had lied to the officer and stated:

> But that has been *the entire strategy of the defense counsel, to keep as much evidence from you as possible.* [Emphasis added.]
> MR. WEIR: That's an attack upon lawful efforts that I have to make to represent my client.

The court again instructed the jury to disregard the remark of the prosecutor. Appellant moved for a mistrial, but was overruled. Thereafter the prosecutor stated: "I guarantee that if you find him guilty you are going to be doing the right thing."

The court upon request instructed the jury to disregard the prosecutor's argument. Defense counsel moved for a mistrial, but was overruled. Lastly, the prosecutor told the jury, "If he's found not guilty, and returned out on those streets out there, *I am going to lock my door real tight.*" There was some degree of confusion because the court first instructed the jury to disregard the prosecutor's comments and then later sustained the objection.

■ The object and principal purpose of an argument to the jury is to aid and assist them in properly analyzing the evidence and arriving at a just and reasonable conclusion based on the evidence alone, and not on any fact not admitted in evidence. Nor should resort be had in argument to arouse the passion or prejudice of the jury by matters not properly before them. *Pena v. State,* 137 Tex.Cr.R. 311, 129 S.W.2d 667, 669 (1939).

■ The prosecutor, by referring to withheld evidence and giving his personal assurance of appellant's guilt, invited the jury to speculate as to evidence not in the record. The rule in this regard was stated in *Jordan v. State,* 646 S.W.2d 946, 947 (Tex.Crim.App.1983):

> Argument injecting matters not in the record is clearly improper; but argument inviting speculation is even more dangerous because it leaves to the imagination of each juror whether extraneous 'facts' may be needed to support a conviction [or assess punishment]. Logical deductions from the evidence do not permit within the rule logical deductions from nonevidence.

*Accord Walker v. State,* 664 S.W.2d 338, 340 (Tex.Crim.App.1984).

■ Additionally, the prosecutor repeatedly attacked the lawful efforts of defense counsel to represent his client. *See Cook v. State,* 537 S.W.2d 258, 261 (Tex.Crim.App.1976) (instruction to disregard word "trickery" did not remove harm in light of prosecutor's continued remarks on subject). It is true that an instruction to disregard will generally cure improper jury argument. *See Woods v. State,* 653 S.W.2d 1, 5 (Tex.Crim.App.1983). However, the State here exceeded the bounds of acceptable jury argument again and again. While the trial court sustained each objection and admonished the jury to disregard, the likelihood of the jury doing so was successively diminished. Having reviewed the record in its entirety, we find that the jury argument as a whole was manifestly improper. *See Cannon, supra.* Because of the cumulative effect of the State's improper arguments, appellant's first ground of error is sustained.

■ In his second ground of error, appellant urges that the pen packet was erroneously admitted under TEX.REV.CIV.STAT. ANN. art. 3731a. Appellant contends that TEX.CODE CRIM.PROC.ANN. art. 38.02 authorizes application of the rules of evidence "in the statute law of this State *in civil actions;*" therefore, article 3731a can no longer be used because it was repealed as to civil actions. We do not accept this argument. Article 3731a was repealed

only as to civil actions; it is still a viable statute with regard to criminal actions. Appellant's second ground of error is overruled.

The judgment of the trial court is reversed; the cause is remanded for a new trial.