TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00235-CR






Christopher Fred Burleson, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT OF MILAM COUNTY


NO. 24,433, HONORABLE FRANK SUMMERS, JUDGE PRESIDING







A jury found appellant guilty of possessing less than two ounces of marihuana. See
Tex. Health & Safety Code Ann. § 481.121(a), (b)(1) (West Supp. 2001). The county court assessed
punishment at incarceration for six months. We will affirm.

Texas Department of Public Safety Trooper Jimmy Morgan testified that on the
afternoon in question he was driving his patrol car west on highway 77 near Cameron when he
encountered a white BMW traveling in the opposite direction. The officer noticed that the BMW's
windows appeared to be tinted darker than allowed by law. Morgan turned and stopped the BMW,
of which appellant was the driver and sole occupant. The officer walked up to the BMW with his
tint meter. As he tested the tint on the partially opened driver's side window, Morgan noticed the
odor of marihuana coming from the car. Morgan mentioned the odor to appellant and asked to see
his driver's license. Appellant told the officer he did not have his license. Morgan had appellant
step from the BMW, and in a subsequent search of the car found a marihuana cigarette in the rear
floorboard.

Appellant moved to suppress the marihuana on the ground that it was seized as a
result of an unconstitutional traffic stop. See U.S. Const. amend. IV; Tex. Const. art. I, 9; Tex. Code
Crim. Proc. Ann. art. 38.23 (West Supp. 2001). The overruling of the motion to suppress is the
subject of appellant's first point of error. 

When reviewing a ruling on a motion to suppress, we defer to the trial court's
factual determinations but review de novo the court's application of the law to the facts. See
Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). Because the county court did not
make explicit findings of fact, we review the evidence in the light most favorable to the court's
ruling and assume the court made findings that are supported by the record and buttress its
conclusion. See Carmouche v. State, 10 S.W.3d 323, 327-28 (Tex. Crim. App. 2000).

Appellant contends there was no objectively reasonable basis for the traffic stop
because the evidence shows that his car's window tint was legal. A person commits a misdemeanor
if he operates a motor vehicle with a sunscreening device on the side windows having a light
transmission of 35 percent or less. Tex. Transp. Code Ann. § 547.613(a)(1), (b)(2) (West 1999). (1) 
Appellant asserts that section 547.613 notwithstanding, the Texas Department of Public Safety
permits side window sunscreening material that transmits as little as 20 percent of the light striking
it. He refers us to the administrative rules governing vehicle inspection standards. See 37 Tex.
Admin. Code § 23.42(a), (b) (2001) (vehicle inspection station will inspect sunscreening and reject
if light transmittance of side windows is less than 20 percent). Morgan testified that his meter
indicated that the tint on appellant's side window had a light transmission of 28.6 percent. Two
defense witnesses who tested the window tint on appellant's car testified that the light transmission
was either 29.1 percent or 32 percent.

We are not persuaded that the department's vehicle inspection regulations can or were
intended to override the penal provisions of the code. (2) But whether the sunscreening film on the
windows of appellant's car was in fact lawful is not determinative of appellant's point of error. 
Instead, the central issue is whether Morgan had a reasonable basis for suspecting that appellant's
window tint was unlawful. A police officer may stop and briefly detain a person for investigative
purposes if the officer, in light of his experience, has a reasonable suspicion supported by articulable
facts that criminal activity may be afoot. Terry v. Ohio, 392 U.S. 1, 30 (1968). The reasonableness
of a temporary detention must be examined in terms of the totality of the circumstances. Woods v.
State, 956 S.W.2d 33, 38 (Tex. Crim. App. 1997). A temporary detention is justified when the
detaining officer has specific articulable facts which, taken together with rational inferences from
those facts, lead him to conclude that the person detained is, has been, or soon will be engaged in
criminal activity. Id. A reasonable suspicion means more than a mere hunch or suspicion. Davis
v. State, 947 S.W.2d 240, 244 (Tex. Crim. App. 1997). A detention is not permissible unless the
circumstances objectively support a reasonable suspicion of criminal activity. Id.

Officer Morgan testified that he had been a trooper for ten years. He said that the
windows of appellant's car "appeared darker than legal." Appellant's defense witness agreed that
appellant's car windows "appear to be dark," a fact that is confirmed by photographs of the car in
the record. On cross-examination, Morgan answered affirmatively when asked if he "formed an
opinion . . . based upon a reasonable belief that there had been a traffic offense committed under the
Transportation Code . . . ." This is a fair statement of the standard for a lawful temporary
investigative detention. Given the uncontradicted testimony that appellant's side windows had a
light transmittance below that permitted by section 547.613 (and expressing no opinion on the effect,
if any, of the administrative rules), the circumstances gave Morgan a reasonable, articulable basis
for suspecting a motor vehicle sunscreening violation and for detaining appellant to investigate this
suspicion. The cases cited by appellant are distinguishable in that there was no traffic violation even
if the facts were as the officer suspected them to be. See United States v. Lopez-Valdez, 178 F.3d
282, 288 (5th Cir. 1999); United States v. Miller, 146 F.3d 274, 279 (5th Cir. 1998); Trahan v. State,
16 S.W.3d 146, 147 (Tex. App.--Beaumont 2000, no pet.). Point of error one is overruled.

The county court instructed the jurors to disregard the evidence found in appellant's
car if they found or had a reasonable doubt whether the officer lawfully stopped the car for a window
tint violation. See Tex. Code Crim. Proc. Ann. art. 38.23. By point of error two, appellant urges that
there is no evidence to support the jury's adverse finding on this issue. Appellant incorporates by
reference the argument he made in support of point of error one. For the reasons previously stated,
we overrule point two.

Finally, appellant contends the county court erroneously permitted the prosecutor to
attack defense counsel during jury argument. The challenged argument was: 


We tried everybody in the world but the real facts of this case. We tried
Trooper Jimmy Morgan, who's sitting right there; we tried law enforcement; we tried
the prosecution. You know, he's good, Mr. McLean. He's good at creating rabbit
trails, smoke screens, race issues. Jimmy Morgan never sat there on that witness
stand -



The objection that the prosecutor was striking at appellant over the shoulders of defense counsel was
overruled. See Wilson v. State, 938 S.W.2d 57, 58 (Tex. Crim. App. 1996).

The challenged remarks should be considered in context. The defense called five
witnesses, each like appellant an African American, who testified that Trooper Morgan stopped or
otherwise detained them for what they believed were nonexistent, pretextual reasons. The clear
import of this testimony was that the witnesses had been stopped solely because of their race. In
rebuttal, the State recalled Morgan, who denied using race as a criterion in deciding whether to stop
a motorist for a traffic offense. The State also called an African American county constable who
testified that Morgan was truthful and professional. 

At appellant's request, the court instructed the jurors that the United States
Constitution prohibits the selective enforcement of the law based on race and charged them to
disregard the evidence seized during the search of appellant's car if the jurors believed or had a
reasonable doubt that the stop was motivated or based on appellant's race. During his own
argument, appellant's counsel reminded the jurors of the defense witnesses' testimony, described
Morgan as "Robocop," characterized the officer's conduct as "obnoxious," and said that the
witnesses had been "basically rousted by this man." The prosecutor responded by making the
argument to which appellant objected. The prosecutor also reminded the jury of the constable's
testimony and of Morgan's statement that he was unable to see appellant's face until after he stopped
him.

The opinions cited by appellant are distinguishable. In each, the prosecutor directly
accused defense counsel of unethical conduct. See Wilson, 938 S.W.2d at 58 (defense counsel
"wishes . . . that you turn a guilty man free" because, unlike prosecutor, "he doesn't have the
obligation to see that justice is done in this case"); Fuentes v. State, 664 S.W.2d 333, 335-38 (Tex.
Crim. App. 1984) (repeated allegations of unethical conduct by defense counsel); Anderson v. State,
525 S.W.2d 20, 21-22 (Tex. Crim. App. 1975) (defense counsel accused of lying to jury); Lopez v.
State, 705 S.W.2d 296, 297-98 (Tex. App.--San Antonio 1986, no pet.) (defense counsel's strategy
was to mislead jury, "to keep as much evidence from you as possible"); Johnson v. State, 649
S.W.2d 111, 115-16 (Tex. App.--San Antonio 1983), aff'd, 662 S.W.2d 368 (Tex. Crim. App. 1984)
(numerous objectionable comments, including that defense counsel will attempt to deceive jury
during argument). 

The prosecutor's argument in this cause is comparable to that at issue in Mosley v.
State, 983 S.W.2d 249, 258 (Tex. Crim. App. 1998). In Mosley, the prosecutor said that defense
counsel "has attempted to get you off the main road, to divert you . . . ." and "want[ed] you to take
a side road, a series of side roads, rabbit trails, and a rabbit trail that will lead you to a dead-end. The
truth is not there." The court of criminal appeals characterized these remarks as "milder" than those
accusing defense counsel of improper or unethical conduct. Id. Assuming, however, that the
defendant's objection to the argument should have been sustained, the court concluded that the error
was harmless after considering: (1) the magnitude of prejudice arising from the prosecutor's remarks;
(2) the efficacy of any corrective instruction by the court; and (3) the strength of the evidence
supporting conviction. Id. at 259-60; see also Tex. R. App. P. 44.2(b).

As in Mosley, the prosecutor's remarks in this cause were, at most, only mildly
improper. While the objection was overruled and no curative action was taken by the court, the
evidence of appellant's guilt was strong. Like the Mosley court, we conclude that any error was
harmless. Mosley, 983 S.W.2d at 260. Point of error three is overruled.

The judgment of conviction is affirmed.



 __________________________________________

 Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Puryear

Affirmed

Filed: May 31, 2001

Do Not Publish

1. "Sunscreening device" means a film, material, or device used to reduce the effects of the sun. 
Tex. Transp. Code Ann. § 547.001(9) (West 1999). "Light transmission" means the ratio of light
that passes through a material to the amount of light that falls on the material. Id. § 547.001(3).
2. The code authorizes the department to permit a three percent variance from the established light
transmission standard. See Tex. Transp. Code Ann. § 547.613(d) (West 1999). Morgan testified that
the department has exercised this discretion and permits sunscreening film on side windows having
a light transmission as low as 32 percent. The relevant administrative rule does not reflect this. See
37 Tex. Admin. Code § 21.1 (2001). 


tified that Trooper Morgan stopped or
otherwise detained them for what they believed were nonexistent, pretextual reasons. The clear
import of this testimony was that the witnesses had been stopped solely because of their race. In
rebuttal, the State recalled Morgan, who denied using race as a criterion in deciding whether to stop
a motorist for a traffic offense. The State also called an African American county constable who
testified that Morgan was truthful and professional. 

At appellant's request, the court instructed the jurors that the United States
Constitution prohibits the selective enforcement of the law based on race and charged them to
disregard the evidence seized during the search of appellant's car if the jurors believed or had a
reasonable doubt that the stop was motivated or based on appellant's race. During his own
argument, appellant's counsel reminded the jurors of the defense witnesses' testimony, described
Morgan as "Robocop," characterized the officer's conduct as "obnoxious," and said that the
witnesses had been "basically rousted by this man." The prosecutor responded by making the
argument to which appellant objected. The prosecutor also reminded the jury of the constable's
testimony and of Morgan's statement that he was unable to see appellant's face until after he stopped
him.

The opinions cited by appellant are distinguishable. In each, the prosecutor directly
accused defense counsel of unethical conduct. See Wilson, 938 S.W.2d at 58 (defense counsel
"wishes . . . that you turn a guilty man free" because, unlike prosecutor, "he doesn't have the
obligation to see that justice is done in this case"); Fuentes v. State, 664 S.W.2d 333, 335-38 (Tex.
Crim. App. 1984) (repeated allegations of unethical conduct by defense counsel); Anderson v. State,
525 S.W.2d 20, 21-22 (Tex. Crim. App. 1975) (defense counsel accused of lying to jury); Lopez v.
State, 705 S.W.2d 296, 297-98 (Tex. App.--San Antonio 1986, no pet.) (defense counsel's strategy
was to mislead jury, "to keep as much evidence from you as possible"); Johnson v. State, 649
S.W.2d 111, 115-16 (Tex. App.--San Antonio 1983), aff'd, 662 S.W.2d 368 (Tex. Crim. App. 1984)
(numerous objectionable comments, including that defense counsel will attempt to deceive jury
during argument). 

The prosecutor's argument in this cause is comparable to that at issue in Mosley v.
State, 983 S.W.2d 249, 258 (Tex. Crim. App. 1998). In Mosley, the prosecutor said that defense
counsel "has attempted to get you off the main road, to divert you . . . ." and "want[ed] you to take
a side road, a series of side roads, rabbit trails, and a rabbit trail that will lead you to a dead-end. The
truth is not there." The court of criminal appeals characterized these remarks as "milder" than those
accusing defense counsel of improper or unethical conduct. Id. Assuming, however, that the
defendant's objection to the argument should have been sustained, the court concluded that the error
was harmless after considering: (1) the magnitude of prejudice arising from the prosecutor's remarks;
(2) the efficacy of any corrective instruction by the court; and (3) the strength of the evidence
supporting conviction. Id. at 259-60; see also Tex. R. App. P. 44.2(b).

As in Mosley, the prosecutor's remarks in this cause were, at most, only mildly
improper. While the objection was overruled and no curative action was taken by the court, the
evidence of appellant's guilt was strong. Like the Mosley court, we conclude that any error was
harmless. Mosley, 983 S.W.2d at 260. Point of error three is overruled.

The judgment of conviction is affirmed.



 __________________________________________

 Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Puryear

Affirmed

Filed: May 31, 2001

Do Not Publish

1. "Sunscreening device" means a film, material, or device used to reduce the effects of the sun. 
Tex. Transp. Code Ann. § 547.001(9) (West 1999). "Light transmission" means the ratio of light
that passes through a material to the amount of light that falls on the material. Id. § 547.001(3).
2. The code authorizes the department to permit a three percent variance from the established light
transmission standard. See Tex. Transp. Code Ann. § 547.613(d) (West 1999). Morgan testified that
the department has exercised this discretion and permits sunscreening film on side windows having
a light transmission as low as 32 percent. The relevant administrative rule does not reflect this. See
37 Tex. Admin. Code § 21.1 (2001). 


tified that Trooper Morgan stopped or
otherwise detained them for what they believed were nonexistent, pretextual reasons. The clear
import of this testimony was that the witnesses had been stopped solely because of their race. In
rebuttal, the State recalled Morgan, who denied using race as a criterion in deciding whether to stop
a motorist for a traffic offense. The State also called an African American county constable who
testified that Morgan was truthful and professional. 

At appellant's request, the court instructed the jurors that the United States
Constitution prohibits the selective enforcement of the law based on race and charged them to
disregard the evidence seized during the search of appellant's car i