# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00235-CR

**Christopher Fred Burleson, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT OF MILAM COUNTY
### NO. 24,433, HONORABLE FRANK SUMMERS, JUDGE PRESIDING

A jury found appellant guilty of possessing less than two ounces of marihuana. *See* Tex. Health & Safety Code Ann. § 481.121(a), (b)(1) (West Supp. 2001). The county court assessed punishment at incarceration for six months. We will affirm.

Texas Department of Public Safety Trooper Jimmy Morgan testified that on the afternoon in question he was driving his patrol car west on highway 77 near Cameron when he encountered a white BMW traveling in the opposite direction. The officer noticed that the BMW's windows appeared to be tinted darker than allowed by law. Morgan turned and stopped the BMW, of which appellant was the driver and sole occupant. The officer walked up to the BMW with his tint meter. As he tested the tint on the partially opened driver's side window, Morgan noticed the odor of marihuana coming from the car. Morgan mentioned the odor to appellant and asked to see his driver's license. Appellant told the officer he did not have his license. Morgan had appellant step

from the BMW, and in a subsequent search of the car found a marihuana cigarette in the rear floorboard.

Appellant moved to suppress the marihuana on the ground that it was seized as a result of an unconstitutional traffic stop. *See* U.S. Const. amend. IV; Tex. Const. art. I, 9; Tex. Code Crim. Proc. Ann. art. 38.23 (West Supp. 2001). The overruling of the motion to suppress is the subject of appellant's first point of error.

When reviewing a ruling on a motion to suppress, we defer to the trial court's factual determinations but review *de novo* the court's application of the law to the facts. *See Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). Because the county court did not make explicit findings of fact, we review the evidence in the light most favorable to the court's ruling and assume the court made findings that are supported by the record and buttress its conclusion. *See Carmouche v. State*, 10 S.W.3d 323, 327-28 (Tex. Crim. App. 2000).

Appellant contends there was no objectively reasonable basis for the traffic stop because the evidence shows that his car's window tint was legal. A person commits a misdemeanor if he operates a motor vehicle with a sunscreening device on the side windows having a light transmission of 35 percent or less. Tex. Transp. Code Ann. § 547.613(a)(1), (b)(2) (West 1999).[1] Appellant asserts that section 547.613 notwithstanding, the Texas Department of Public Safety permits side window sunscreening material that transmits as little as 20 percent of the light striking it. He refers us to the administrative rules governing vehicle inspection standards. *See* 37 Tex.

---

[1] "Sunscreening device" means a film, material, or device used to reduce the effects of the sun. Tex. Transp. Code Ann. § 547.001(9) (West 1999). "Light transmission" means the ratio of light that passes through a material to the amount of light that falls on the material. *Id*. § 547.001(3).

2

Admin. Code § 23.42(a), (b) (2001) (vehicle inspection station will inspect sunscreening and reject if light transmittance of side windows is less than 20 percent). Morgan testified that his meter indicated that the tint on appellant's side window had a light transmission of 28.6 percent. Two defense witnesses who tested the window tint on appellant's car testified that the light transmission was either 29.1 percent or 32 percent.

We are not persuaded that the department's vehicle inspection regulations can or were intended to override the penal provisions of the code.[2] But whether the sunscreening film on the windows of appellant's car was in fact lawful is not determinative of appellant's point of error. Instead, the central issue is whether Morgan had a reasonable basis for suspecting that appellant's window tint was unlawful. A police officer may stop and briefly detain a person for investigative purposes if the officer, in light of his experience, has a reasonable suspicion supported by articulable facts that criminal activity may be afoot. *Terry v. Ohio*, 392 U.S. 1, 30 (1968). The reasonableness of a temporary detention must be examined in terms of the totality of the circumstances. *Woods v. State*, 956 S.W.2d 33, 38 (Tex. Crim. App. 1997). A temporary detention is justified when the detaining officer has specific articulable facts which, taken together with rational inferences from those facts, lead him to conclude that the person detained is, has been, or soon will be engaged in criminal activity. *Id.* A reasonable suspicion means more than a mere hunch or suspicion. *Davis v.*

---

[2] The code authorizes the department to permit a three percent variance from the established light transmission standard. *See* Tex. Transp. Code Ann. § 547.613(d) (West 1999). Morgan testified that the department has exercised this discretion and permits sunscreening film on side windows having a light transmission as low as 32 percent. The relevant administrative rule does not reflect this. *See* 37 Tex. Admin. Code § 21.1 (2001).

*State*, 947 S.W.2d 240, 244 (Tex. Crim. App. 1997). A detention is not permissible unless the circumstances objectively support a reasonable suspicion of criminal activity. *Id.*

Officer Morgan testified that he had been a trooper for ten years. He said that the windows of appellant's car "appeared darker than legal." Appellant's defense witness agreed that appellant's car windows "appear to be dark," a fact that is confirmed by photographs of the car in the record. On cross-examination, Morgan answered affirmatively when asked if he "formed an opinion . . . based upon a reasonable belief that there had been a traffic offense committed under the Transportation Code . . . ." This is a fair statement of the standard for a lawful temporary investigative detention. Given the uncontradicted testimony that appellant's side windows had a light transmittance below that permitted by section 547.613 (and expressing no opinion on the effect, if any, of the administrative rules), the circumstances gave Morgan a reasonable, articulable basis for suspecting a motor vehicle sunscreening violation and for detaining appellant to investigate this suspicion. The cases cited by appellant are distinguishable in that there was no traffic violation even if the facts were as the officer suspected them to be. *See United States v. Lopez-Valdez*, 178 F.3d 282, 288 (5th Cir. 1999); *United States v. Miller*, 146 F.3d 274, 279 (5th Cir. 1998); *Trahan v. State*, 16 S.W.3d 146, 147 (Tex. App.—Beaumont 2000, no pet.). Point of error one is overruled.

The county court instructed the jurors to disregard the evidence found in appellant's car if they found or had a reasonable doubt whether the officer lawfully stopped the car for a window tint violation. *See* Tex. Code Crim. Proc. Ann. art. 38.23. By point of error two, appellant urges that there is no evidence to support the jury's adverse finding on this issue. Appellant incorporates by

4

reference the argument he made in support of point of error one. For the reasons previously stated, we overrule point two.

Finally, appellant contends the county court erroneously permitted the prosecutor to attack defense counsel during jury argument. The challenged argument was:

> We tried everybody in the world but the real facts of this case. We tried Trooper Jimmy Morgan, who's sitting right there; we tried law enforcement; we tried the prosecution. You know, he's good, Mr. McLean. He's good at creating rabbit trails, smoke screens, race issues. Jimmy Morgan never sat there on that witness stand –

The objection that the prosecutor was striking at appellant over the shoulders of defense counsel was overruled. *See Wilson v. State*, 938 S.W.2d 57, 58 (Tex. Crim. App. 1996).

The challenged remarks should be considered in context. The defense called five witnesses, each like appellant an African American, who testified that Trooper Morgan stopped or otherwise detained them for what they believed were nonexistent, pretextual reasons. The clear import of this testimony was that the witnesses had been stopped solely because of their race. In rebuttal, the State recalled Morgan, who denied using race as a criterion in deciding whether to stop a motorist for a traffic offense. The State also called an African American county constable who testified that Morgan was truthful and professional.

At appellant's request, the court instructed the jurors that the United States Constitution prohibits the selective enforcement of the law based on race and charged them to disregard the evidence seized during the search of appellant's car if the jurors believed or had a reasonable doubt that the stop was motivated or based on appellant's race. During his own argument,

5

appellant's counsel reminded the jurors of the defense witnesses' testimony, described Morgan as "Robocop," characterized the officer's conduct as "obnoxious," and said that the witnesses had been "basically rousted by this man." The prosecutor responded by making the argument to which appellant objected. The prosecutor also reminded the jury of the constable's testimony and of Morgan's statement that he was unable to see appellant's face until after he stopped him.

The opinions cited by appellant are distinguishable. In each, the prosecutor directly accused defense counsel of unethical conduct. *See Wilson*, 938 S.W.2d at 58 (defense counsel "wishes . . . that you turn a guilty man free" because, unlike prosecutor, "he doesn't have the obligation to see that justice is done in this case"); *Fuentes v. State*, 664 S.W.2d 333, 335-38 (Tex. Crim. App. 1984) (repeated allegations of unethical conduct by defense counsel); *Anderson v. State*, 525 S.W.2d 20, 21-22 (Tex. Crim. App. 1975) (defense counsel accused of lying to jury); *Lopez v. State*, 705 S.W.2d 296, 297-98 (Tex. App.—San Antonio 1986, no pet.) (defense counsel's strategy was to mislead jury, "to keep as much evidence from you as possible"); *Johnson v. State*, 649 S.W.2d 111, 115-16 (Tex. App.—San Antonio 1983), *aff'd*, 662 S.W.2d 368 (Tex. Crim. App. 1984) (numerous objectionable comments, including that defense counsel will attempt to deceive jury during argument).

The prosecutor's argument in this cause is comparable to that at issue in *Mosley v. State*, 983 S.W.2d 249, 258 (Tex. Crim. App. 1998). In *Mosley*, the prosecutor said that defense counsel "has attempted to get you off the main road, to divert you . . . ." and "want[ed] you to take a side road, a series of side roads, rabbit trails, and a rabbit trail that will lead you to a dead-end. The truth is not there." The court of criminal appeals characterized these remarks as "milder" than those

6

accusing defense counsel of improper or unethical conduct. *Id.* Assuming, however, that the defendant's objection to the argument should have been sustained, the court concluded that the error was harmless after considering: (1) the magnitude of prejudice arising from the prosecutor's remarks; (2) the efficacy of any corrective instruction by the court; and (3) the strength of the evidence supporting conviction. *Id.* at 259-60; *see also* Tex. R. App. P. 44.2(b).

As in *Mosley*, the prosecutor's remarks in this cause were, at most, only mildly improper. While the objection was overruled and no curative action was taken by the court, the evidence of appellant's guilt was strong. Like the *Mosley* court, we conclude that any error was harmless. *Mosley*, 983 S.W.2d at 260. Point of error three is overruled.

The judgment of conviction is affirmed.

_____

Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Puryear

Affirmed

Filed:   May 31, 2001

Do Not Publish